UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM EMERY FODOR,<br><br>Petitioner,<br><br>v.<br><br>JACK PALMER, et al.,<br><br>Respondents. | Case No. 3:12-cv-00330-MMD-VPC<br><br>ORDER |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the Court is respondents' motion to dismiss certain grounds of the petition. (Dkt. no. 8.)

**I.    PROCEDURAL HISTORY**

Following a jury trial, petitioner was convicted of one count of possession of stolen property and one count of possession of burglary tools. (Exh. 21.)[1] The judgment of conviction was entered on November 14, 2008. (Exh. 22.) Petitioner was sentenced to 96-240 months imprisonment on Count I and 12 months imprisonment on Count II, with each count to run concurrently to each other, but consecutive to his sentence in a prior criminal conviction. (Exh. 22.) Petitioner appealed his conviction. (Exh. 23.) By order filed March 11, 2010, the Nevada Supreme Court affirmed the convictions. (Exh. 26.)

---

[1]The exhibits referenced in this order are found in the Court's record at dkt. no. 9.

On January 12, 2011, petitioner filed a post-conviction habeas petition in the state district court. (Exh. 29.) On April 22, 2011, the state district court entered an order denying the habeas petition. (Exh. 30.) Petitioner appealed the denial of his state habeas petition. (Exh. 32.) On March 30, 2012, the Nevada Supreme Court issued an order affirming the denial of the state habeas petition. (Exh. 33.) Petitioner sought rehearing, which was summarily denied by the Nevada Supreme Court. (Exh. 34.) Remittitur issued on June 4, 2012. (Exh. 35.)

Petitioner dispatched his federal habeas petition to this Court on June 8, 2012. (Dkt. no. 6.) Ground 1 of the petition raises several claims of ineffective assistance of trial counsel. Ground 2 raises several claims of ineffective assistance of appellate counsel. Ground 3 raises several instances of prosecutorial misconduct. Ground 4 alleges that petitioner's conviction and sentence are unconstitutional because the trial court abused its discretion in determining pretrial writs and motions. Ground 5 contains assorted arguments, including a purported claim under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), as well as a claim of actual innocence. (Dkt. no. 6.)

Respondents have moved to dismiss Grounds 3 and 4 as procedurally barred. Respondents move to dismiss Ground 5 as unexhausted and otherwise not a cognizable claim. (Dkt. no. 8.) Petitioner has filed an opposition to the motion. (Dkt. no. 13.) Respondents have filed a reply. (Dkt. no. 15.)

**II.  DISCUSSION**

**A.  Grounds Three and Four**

Respondents argue that Grounds 3 and 4 of the federal petition were procedurally barred by the Nevada Supreme Court in its order affirming the denial of the post-conviction state habeas petition.

**1.  Procedural Default Principles**

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas

corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause to excuse a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *See Murray*, 477 U.S. at 488; *see also Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012) (holding that the absence or ineffective assistance of counsel in "initial-review state collateral proceedings" can, in certain circumstances, constitute cause for procedural default of a claim of ineffective assistance of trial counsel).

With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider

whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

### 2. Grounds 3 and 4 Were Procedurally Defaulted in State Court on Independent and Adequate State Grounds

In Ground 3 of the federal habeas petition, petitioner claims several instances of prosecutorial misconduct. (Dkt. no. 6, at pp. 17-18.) In Ground 4 of the federal petition, petitioner alleges that his conviction and sentence are unconstitutional because the trial court abused its discretion in determining pretrial writs and motions. (Dkt. no. 6, at pp. 20-21.) Petitioner raised these same issues for the first time in his post-conviction state habeas petition and appeal from the denial of the same. (Exh. 29, at pp. 9-9C and pp. 10-10B; Exhibits 30-32.) On appeal from the denial of petitioner's post-conviction state habeas petition, the Nevada Supreme Court found these claims to be procedurally defaulted. The Nevada Supreme Court cited NRS 34.810(1)(b) and found:

> Appellant could have raised these claims on direct appeal and failed to do so. Therefore, appellant waived the right to raise these claims absent a demonstration of good cause and prejudice. NRS 34.810(1)(b). Appellant raised no facts to show either good cause or prejudice. Accordingly, the district court did not err in denying these claims.

(Exh. 33, at p. 8.) The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case – NRS 34.810 – is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). Grounds 3 and 4 of the federal habeas petition were procedurally defaulted in state court on independent and adequate state law grounds.

### 3. Cause and Prejudice

Petitioner has not asserted any reason for his failure to properly raise the procedurally defaulted claims. In his opposition, petitioner asserts that: "[A]nything can be raised on post-conviction relief, as long as it is raised within the contextual paradigm of ineffective assistance of counsel." (Dkt. no. 13, at p. 3.) Petitioner's argument is irrelevant, because he did not raise Grounds 3 and 4 as ineffective assistance of

counsel claims. Ground 3 was raised for the first time during state post-conviction proceedings as a claim of prosecutorial misconduct. Ground 4 was raised for the first time during state post-conviction proceedings as a claim of trial court error. These claims were procedurally defaulted in state court, and petitioner has not demonstrated cause and prejudice to excuse the default. As such, Grounds 3 and 4 of the federal habeas petition are procedurally barred and will be dismissed.

**B.     Ground 5**

Ground 5 of the federal petition contains a claim of actual innocence, purports to make a claim under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and petitioner requests an evidentiary hearing. Respondents argue that Ground 5 was never presented to the Nevada state courts and therefore is unexhausted. In the opposition, petitioner states that: "Ground 5 in petitioner's instant federal writ was supposed to be part of the 'Conclusion' section." (Dkt. no. 13, at p. 7.) Petitioner further states that "the *Martinez* claim is not a 'claim per se' rather it was included as informitive [sic]." (*Id.*)

The Court finds that Ground 5, in addition to being unexhausted, fails to state a cognizable claim for habeas relief. Petitioner sets forth no reasoning, law, or facts for his bald claim of "actual innocence." Petitioner references Grounds 1 through 4, which is in line with petitioner's statement that "Ground 5" is a conclusion statement, not an actual ground for habeas relief. Petitioner's request for an evidentiary hearing does not meet the standard necessary pursuant to 28 U.S.C. § 2254(e). As to petitioner's inclusion of citation to *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), this Court notes that there is no freestanding claim under that decision. *Martinez* has no application to this case. *Martinez* held only that the absence or ineffective assistance of counsel in "initial-review state collateral proceedings" can, in certain circumstances, constitute cause for procedural default of a claim of ineffective assistance of trial counsel. 132 S.Ct. at 1320. The instant case does not implicate *Martinez* because Grounds 3 and 4, which were procedurally defaulted in state court, were not ineffective assistance of counsel claims. Moreover, there is no freestanding claim based on *Martinez*, because the

1  United States Supreme Court expressly eschewed making a holding that a freestanding
2  right to counsel existed in state post-conviction proceedings. *Martinez*, 132 S.Ct. at
3  1319.  For all of these reasons, Ground 5 of the federal habeas petition is dismissed as
4  presenting no cognizable claim for federal habeas relief.

**C.  Petitioner's Motions**

Petitioner filed a second motion for leave to proceed *in forma pauperis* in this action. (Dkt. no. 16.)  Based on petitioner's financial documents submitted with his original motion to proceed *in forma pauperis*, this Court denied the motion by order filed July 30, 2012. (Dkt. no. 3.)  Petitioner paid the $5.00 filing fee for this action. (Dkt. no. 4.)  Petitioner's second motion for leave to proceed *in forma pauperis* is denied as moot.

Petitioner has filed a motion for an extension of his prison copywork limit. (Dkt. no. 18.)  Respondents oppose the motion. (Dkt. no. 19.)  In requesting a $25.00 copywork limit from this Court, petitioner claims that he needs copywork for use in advancing his "writ of mandamus to the Nevada Supreme Court for the return of petitioner's seized property, specifically, work tools that the state seized from petitioner . . . ." (Dkt. no. 18, at pp. 1-2.)  Petitioner is before this Court on a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The seizure of petitioner's property is a state civil matter.  Petitioner has failed to establish a need for an extension of his copywork limit to pursue this federal habeas corpus action.  Petitioner's motion is denied.

**III.  CONCLUSION**

IT IS THEREFORE ORDERED that the respondents' motion to dismiss (Dkt. no. 8) is GRANTED. Grounds 3, 4, and 5 of the petition are DISMISSED with prejudice.

IT IS FURTHER ORDERED that respondents shall file an answer to Grounds 1 and 2 of the petition within forty-five (45) days from the entry of this order.  No further motions to dismiss will be entertained.  In filing the answer, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

IT IS FURTHER ORDERED that petitioner may file his reply to the answer, if any, no later than forty-five (45) days after being served with the answer.

IT IS FURTHER ORDERED that petitioner's second motion for leave to proceed *in forma pauperis* (dkt. no. 16) is DENIED.

IT IS FURTHER ORDERED that petitioner's motion for an extension of his prison copywork limit (dkt. no. 18) is DENIED.

DATED THIS 23rd day of July 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE