UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM EMERY FODOR,<br><br>　　　　　　　　Petitioner,<br>v.<br>JACK PALMER, et al.,<br><br>　　　　　　　　Respondents. | Case No. 3:12-cv-00330-MMD-VPC<br><br>ORDER |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the Court are petitioner's combined motion for a stay of proceedings and motion to amend (dkt. nos. 22 & 23), and petitioner's motion for release of seized property (dkt no. 31).

**I.　PROCEDURAL BACKGROUND**

Petitioner dispatched his federal habeas petition to this Court on June 8, 2012. (Dkt. no. 6). Ground 1 of the petition raises several claims of ineffective assistance of trial counsel. Ground 2 raises several claims of ineffective assistance of appellate counsel. Ground 3 raises several instances of prosecutorial misconduct. Ground 4 alleges that petitioner's conviction and sentence are unconstitutional because the trial court abused its discretion in determining pretrial writs and motions. Ground 5 contains assorted arguments, including a purported claim under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), as well as a claim of actual innocence. (Dkt. no. 6.)

Respondents moved to dismiss Grounds 3 and 4 of the petition as procedurally barred, and Ground 5 as unexhausted and not otherwise cognizable. (Dkt. no. 8.) By order filed July 23, 2013, this Court granted respondents' motion to dismiss. (Dkt. no. 21.) Grounds 3 and 4 of the petition were dismissed with prejudice as procedurally barred, and Ground 5 was dismissed with prejudice as not cognizable. (*Id.*) The Court allowed Grounds 1 and 2, alleging ineffective assistance of trial and appellate counsel, to proceed. (*Id.*) The Court ordered respondents to file an answer to Grounds 1 and 2 of the petition within 45 days. (*Id.*)

On July 31, 2013, petitioner filed a combined motion for stay and motion for leave to amend the petition. (Dkt. nos. 22 & 23.) Respondents opposed the motion. (Dkt. no. 24.) Petitioner filed a reply. (Dkt. no. 26.) On August 22, 2013, the Court granted respondents' motion to continue briefing until the Court rules on petitioner's motion to amend the petition. (Dkt. no. 28.) On September 11, 2013, petitioner filed an amended petition. (Dkt. no. 29.)

On January 10, 2014, petitioner filed a motion for the release of seized property. (Dkt. no. 31.) Respondents opposed petitioner's motion. (Dkt. no. 34.)

## II. DISCUSSION

### A. Petitioner's Combined Motion for Stay and Motion to Amend

Initially, the Court observes that petitioner's motion for a stay (dkt. no. 22) and motion to amend (dkt. no. 23) are identical documents, entitled "Consolidated Motions for Stay of Proceedings and Motion for Leave of Court to Amend 28 U.S.C. 2254 Petition." This document was filed by the Clerk as two motions. (Dkt. nos. 22 & 23.) The Court further observes that the request for a stay appears only in the caption of the motion, and petitioner makes no argument for a stay of proceedings. As such, the Court denies the request for a stay of proceedings. Instead, the Court focuses on petitioner's arguments for leave to amend the petition.

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides: "A party may amend his pleading once as a matter of course within: (A) 21 days after serving it, or (B)

if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(2) provides that: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

The court may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings" though each factor is not necessarily given equal weight. *Bonin v. Calderon*, 59 F.3d 815, 844-45 (9th Cir. 1995); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (the court may consider whether there is evidence of "undue delay, bad faith or dilatory motive" as to whether the motion to amend should be granted); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal). A district court may deny a motion to amend where the movant presents no new facts, only new theories, with no satisfactory explanation for the failure to fully develop the contentions in the first place. *Bonin*, 59 F.3d at 844-45.

In this case, petitioner seeks to amend his petition to include the following claims, which appear as Grounds 3, 4, 5, and 6 of the amended petition: (1) petitioner's rights to due process, equal protection, and a fair trial were violated when the trial court erred when, after granting in part the defense's petition for writ of habeas corpus, amended the wording of the possession of stolen property count; (2) petitioner's rights to due process, equal protection, and a fair trial were violated by the State's failure to preserve exculpatory evidence (wire); (3) there was insufficient evidence to sustain his conviction; and (4) based on facts of the case, petitioner's sentence constituted cruel and unusual punishment. (Motion, at dkt. no. 23; Amended Petition, at dkt. no. 29.)

Respondents argue that the claims that petitioner seeks to add in the amended petition do not relate back to the original petition, and are thus untimely. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes

controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d). Although 28 U.S.C. § 2244(d)(2) provides for tolling of the AEDPA statute of limitations when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," the filing of a federal petition does not toll the AEDPA statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

In the present case, petitioner's judgment of conviction was entered on November 14, 2008. (Exhibit 22.)[1] The Nevada Supreme Court's order, affirming the conviction on direct review, was filed on March 11, 2010. (Exhibit 26.) Petitioner had ninety (90) days from that date to seek *certiorari* with the United States Supreme Court.

---

[1]The exhibits referenced in this order are found in the Court's record at dkt. no 9.

*Bowen v. Roe*, 188 F.3d 1157, 1158-60 (9th Cir. 1999). Petitioner's conviction became final ninety (90) days later, on June 9, 2010, at the expiration of the time period to file an application for certiorari with the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999); 28 U.S.C. § 2244(d)(1)(A); Nevada Supreme Court Rules, Rule 13(1). Petitioner then had one year in which to file the federal habeas petition, unless the time was otherwise tolled by federal statute.

Petitioner filed his state post-conviction habeas petition on January 12, 2011, which was 217 days after the finality date of his conviction. (Exhibit 29.) The statute of limitations was tolled during the litigation of petitioner's state post-conviction habeas petition. Remittitur issued from petitioner's state post-conviction habeas appeal on June 4, 2012, with 148 days remaining under the AEDPA statute of limitations. (Exhibit 35.) Petitioner dispatched his original federal habeas petition to this Court on June 8, 2012. (Dkt. no. 1, at p. 1.)[2] Thus, the original federal petition was timely filed.

When remittitur issued from the Nevada Supreme Court on June 4, 2012, tolling of the AEDPA statute of limitations ceased. As a result, the limitations period expired 148 days later, on October 30, 2012. The amended petition was dispatched to this Court on September 9, 2013. (Dkt. no. 29, at p. 1.) The amended petition was filed well after the expiration of the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(1)(A). Therefore, the Court must determine if the claims raised in the amended petition relate back to the original petition, pursuant to *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

Under Federal Rule of Civil Procedure 15, an amended pleading "relates back" to the original pleading only if the acts described in the amended pleading are set forth in the original pleading. Fed. R. Civ. P. 15(c)(2). An amended habeas petition only relates back if the amended claims are tied to the "same core of operative facts" as alleged in the original petition. *Mayle v. Felix*, 545 U.S. 644, 664 (2005). In *Mayle*, the petitioner

---

[2] The federal petition indicates that petitioner mailed his petition on June 8, 2012. (Dkt. no. 1, at p. 1.) Pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

5

originally raised only a Confrontation Clause claim in his habeas petition, based on the admission of video-taped prosecution witness testimony. 545 U.S. at 648-49. After the one-year AEDPA statute of limitations had passed, petitioner then sought to amend his habeas petition to allege a Fifth Amendment claim based on coercive police tactics used to obtain damaging statements from him. *Id.* The factual basis for each claim was distinct. Petitioner then argued that his amended claim related back to the date of his original habeas petition because the claim arose out of the same trial, conviction or sentence. *Id.* at 659-661. In rejecting petitioner's argument the Supreme Court held that if "claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Id.* at 662.

Ground 1 of the amended petition, alleging ineffective assistance of trial counsel, is identical to Ground 1 of the original petition. Ground 2 of the amended petition, alleging ineffective assistance of appellate counsel, is also identical to Ground 2 of the original petition. The additional grounds pled in the amended petition include the following grounds: (1) petitioner's rights to due process, equal protection, and a fair trial were violated when the trial court erred when, after granting in part the defense's petition for writ of habeas corpus, amended the wording of the possession of stolen property count; (2) petitioner's rights to due process, equal protection, and a fair trial were violated by the State's failure to preserve exculpatory evidence (wire); (3) there was insufficient evidence to sustain his conviction; and (4) based on facts of the case, petitioner's sentence constituted cruel and unusual punishment. (Amended Petition, at dkt. no. 29.) These grounds of the amended petition do not relate back to the original petition because they are not tied to the "same core of operative facts" as alleged in the original petition. *Mayle*, 545 U.S. at 656-61. Grounds 3, 4, 5, and 6 of the amended petition do not relate back to the original petition and are time-barred.

The United States Supreme Court has held that the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130

S.Ct. 2549, 2560 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In the instant case, however, petitioner has not presented this Court with any argument or evidence that he is entitled to equitable tolling. As such, Grounds 3, 4, 5, and 6 of the amended petition are untimely.

Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). As discussed above, Grounds 3, 4, 5, and 6 of the amended petition are subject to dismissal as time-barred. Because amendment would be futile, the Court denies petitioner leave to amend his petition. The amended petition will be stricken. This action shall proceed on Grounds 1 and 2 of the original petition.

### B. Petitioner's Motion for Release of Seized Property

Petitioner has filed a motion for the release of seized property. (Dkt no. 31.) Petitioner claims that his work tools were seized by the authorities. In his motion, petitioner asks this Court to issue an order directing the Eighth Judicial District Court for the State of Nevada to release his work tools to his son.

Petitioner is before this Court on a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Federal habeas corpus relief is limited to the fact and duration of a prisoner's confinement. "If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release – the traditional purpose of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). While another type of action might permit petitioner to raise his property claims, this federal habeas corpus action does not. Petitioner's motion for the release of seized property is denied.

## III. CONCLUSION

It is therefore ordered that petitioner's motion for a stay (dkt. no. 22) and motion to amend (dkt. no. 23) are denied.

It is further ordered that the amended petition (dkt. no. 29) is stricken from the record.

It is further ordered that this action shall proceed on Grounds 1 and 2 of the original petition (dkt. no. 6).

It is further ordered that respondents shall file an answer substantively addressing the merits of Grounds 1 and 2 of the original petition within forty-five (45) days from the entry of this order. No further motions to dismiss will be entertained. In filing the answer, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that petitioner may file his reply to the answer, not later than forty-five (45) days after being served with the answer.

It is further ordered that petitioner's motion for the release of seized property (dkt. no. 31) is denied.

DATED THIS 19th day of March 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE