UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

WILLIAM EMERY FODOR,

                        Petitioner,

    v.

JACK PALMER, et al.,

                        Respondents.

Case No. 3:12-cv-00330-MMD-VPC

ORDER

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. This matter comes before the Court on the remaining grounds of the petition.

## I.    PROCEDURAL HISTORY

Following a jury trial, petitioner was convicted of one count of possession of stolen property and one count of possession of burglary tools. (Exh. 21.)[1] The judgment of conviction was entered on November 14, 2008. (Exh. 22.) Petitioner was sentenced to 96-240 months imprisonment on Count I and 12 months imprisonment on Count II, with each count to run concurrently to each other, but consecutive to his sentence in a prior criminal conviction. (Exh. 22.) Petitioner appealed his conviction. (Exh. 23.) By order filed March 11, 2010, the Nevada Supreme Court affirmed the convictions. (Exh. 26.)

---

[1]The exhibits referenced in this order are found in the Court's record at dkt. nos. 9 & 37.

On January 12, 2011, petitioner filed a post-conviction habeas petition in the state district court. (Exh. 29.) On April 22, 2011, the state district court entered an order denying the habeas petition. (Exh. 30.) Petitioner appealed the denial of his state habeas petition. (Exh. 32.) On March 30, 2012, the Nevada Supreme Court issued an order affirming the denial of the state habeas petition. (Exh. 33.) Petitioner sought rehearing, which was summarily denied by the Nevada Supreme Court. (Exh. 34.) Remittitur issued on June 4, 2012. (Exh. 35.)

Petitioner dispatched his federal habeas petition to this Court on June 8, 2012. (Dkt. no. 6.) Ground 1 of the petition raises several claims of ineffective assistance of trial counsel. Ground 2 raises several claims of ineffective assistance of appellate counsel. Ground 3 raises several instances of prosecutorial misconduct. Ground 4 alleges that petitioner's conviction and sentence are unconstitutional because the trial court abused its discretion in determining pretrial writs and motions. Ground 5 contains assorted arguments, including a purported claim under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), as well as a claim of actual innocence. (Dkt. no. 6.)

Respondents moved to dismiss certain grounds of the petition. (Dkt. no. 8.) By order filed July 23, 2013, this Court dismissed with prejudice Grounds 3 and 4 as procedurally barred, and Ground 5 for failure to state a cognizable claim. (Dkt. no. 21.) The Court directed respondents to file an answer to Grounds 1 and 2 of the petition. (*Id.*) On July 31, 2013, petitioner filed a motion for leave to amend the petition. (Dkt. no. 23.) On September 11, 2013, petitioner filed an amended petition. (Dkt. no. 29.) Respondents opposed the motion to amend. (Dkt. no. 24.) On March 19, 2014, the Court denied petitioner's motion to amend and ordered the amended petition stricken. (Dkt. no. 35.) The Court again directed respondents to file an answer to Grounds 1 and 2 of the original petition. (*Id.*) On May 2, 2014, respondents filed an answer. (Dkt. no. 36.) On June 25, 2014, petitioner filed a traverse (reply). (Dkt. no. 38.) The Court now considers the merits of Grounds 1 and 2 of the original petition.

///

## II.    FEDERAL HABEAS CORPUS STANDARDS

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)). The formidable standard set forth in section 2254(d) reflects the view that habeas corpus is "'a guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court

1    identifies the correct governing legal principle from [the Supreme Court's] decisions but

2    unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v.*

3    *Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable

4    application" clause requires the state court decision to be more than merely incorrect or

5    erroneous; the state court's application of clearly established federal law must be

6    objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409). In determining

7    whether a state court decision is contrary to, or an unreasonable application of federal

8    law, this Court looks to the state courts' last reasoned decision. *See Ylst v.*

9    *Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072,

10   1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

11          In a federal habeas proceeding, "a determination of a factual issue made by a

12   State court shall be presumed to be correct," and the petitioner "shall have the burden

13   of rebutting the presumption of correctness by clear and convincing evidence." 28

14   U.S.C. § 2254(e)(1). If a claim has been adjudicated on the merits by a state court, a

15   federal habeas petitioner must overcome the burden set in § 2254(d) and (e) on the

16   record that was before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011).

17   **III.    DISCUSSION**

18          **A.    Ground 1**

19          Petitioner alleges that his trial counsel was ineffective in several aspects,

20   depriving him of his Sixth Amendment right to the effective assistance of counsel. (Dkt.

21   no. 6, at 3-7). The Nevada Supreme Court considered and rejected each of petitioner's

22   sub-claims asserted within Ground 1 of the federal petition, as summarized below.

23          **1.    Ground 1, Part A**

24          Petitioner alleges that his trial counsel was ineffective for failing to utilize

25   exculpatory evidence provided as part of discovery, generally regarding differing reports

26   ///

27   ///

28   ///

4

of the quality of the stolen wire found in petitioner's possession. The Nevada Supreme

Court rejected petitioner's claim, as follows:

> [A]ppellant claimed that trial counsel was ineffective for failing to utilize exculpatory evidence, including various reports demonstrating discrepancies in the type of wire, the amount of wire, and the condition of the wire found in appellant's possession. Appellant failed to demonstrate that counsel was deficient or that he was prejudiced. Counsel thoroughly cross-examined each of the State's witnesses highlighting the discrepancies in the length of the wire reported, and establishing that none of the witnesses could definitively testify to the exact length of the wire recovered, nor could they absolutely verify that the wire in appellant's possession had belonged to the City of Las Vegas. Given this testimony, appellant failed to establish how the result of the trial would have been different if counsel had introduced additional contradictory evidence regarding the quantity and condition of the wire. Accordingly, the district court did not err in denying this claim.

(Exh. 33 at 1-2.)

### 2.      Ground 1, Part B

Petitioner claims that trial counsel was ineffective for failing to attack the state's

valuation of the stolen wire, that is, the difference between replacement cost and fair

market value. The Nevada Supreme Court rejected this claim:

> [A]ppellant claimed that trial counsel was ineffective for failing to object to the fact that the State only presented testimony regarding the replacement value of the wire, and failed to present testimony regarding the fair market value of the wire. Appellant further claimed that counsel should have utilized expert testimony to establish that it was very common for copper wire to be 'shorted out' and of no value. Appellant failed to demonstrate that he was prejudiced. At trial, the State presented testimony establishing that the cost to the City of Las Vegas to replace the wire was $1,800. The State also established that the salvage price for scrap copper was up to $4.00 per pound. While estimates regarding the exact amount of wire varied, most witnesses testified that the wire was at least 600 feet long, and photographs presented at trial documented that a significant amount of wire was recovered — so much that the police department was unable to store the wire in their evidence vault. Therefore, even if a standard market existed for copper utility wire, appellant failed to establish any reasonable probability that the fair market value of the copper wire was less than the $250 required to sustain a conviction for possession of stolen property. See NRS 205.275(2)(b).

(Exh. 33 at 2-3.)

///

///

5

### 3.     Ground 1, Part C

Petitioner alleges that trial counsel was ineffective for failing to utilize witness Richard Backas. The Nevada Supreme Court rejected this claim, as follows:

> [A]ppellant claimed that trial counsel was ineffective for failing to present the testimony of a witness who would have testified that appellant had previously worked for him as an electrician, indicating that he possessed the alleged burglary tools for a legitimate purpose. Appellant failed to demonstrate that counsel was deficient or that he was prejudiced. Even if appellant had possessed the tools for a legitimate purpose at one point in time, this proposed testimony failed to establish any legitimate reason as to why appellant had the tools in his possession when he was found inside of an air conditioning unit on the Rite-Aid roof without the knowledge or permission of Rite-Aid. Therefore, the district court did not err in denying this claim.

(Exh. 33 at 3).

### 4.     Ground 1, Part D

Petitioner alleges that trial counsel was ineffective for failing to object to the admission of non-qualifying prior convictions to support his habitual criminal adjudication. The Nevada Supreme Court considered and rejected petitioner's claim:

> [A]ppellant claimed that trial counsel was ineffective for failing to object to various convictions used by the State to support the small habitual criminal enhancement, and failing to object when the district court failed to make an adjudication of guilt on the underlying offenses. Appellant failed to demonstrate that counsel was deficient or that he was prejudiced. Despite appellant's contentions, the district court did not rely on a 'list' of ten convictions; it relied upon the eight certified judgments of conviction submitted by the State. Trial counsel objected to one of these convictions on the basis that the name did not exactly match appellant's and was overruled. These convictions were more than ample to support a finding of habitual criminality pursuant to NRS 207.010(1)(a). Further, the judgment of conviction entered by the district court appropriately announced a finding of guilt of the underlying offenses. Accordingly, the district court did not err in denying this claim.

(Exh. 33 at 3-4.)

### 5.     Ground 1, Part E

Petitioner claims that trial counsel was ineffective for failing to move for a directed verdict at the close of the State's case. The Nevada Supreme Court rejected this claim:

///

6

> [A]ppellant claimed that trial counsel was ineffective for failing to move for a directed verdict when he requested it at the close of trial. Appellant failed to demonstrate that counsel was deficient or that he was prejudiced. Given this court's conclusion on direct appeal that appellant's conviction was supported by sufficient evidence, <u>Fodor v. State</u>, Docket No. 52869 (Order of Affirmance, March 11, 2010), appellant failed to demonstrate any reasonable probability that a motion for a directed verdict would have been successful. Counsel was not required to make a futile motion. <u>See Donovan v. State</u>, 94 Nev. 671, 675, 584 P.2d 708, 711 (1978). Accordingly, the district court did not err in denying this claim.

(Exh. 33 at 4.)

### 6.    Petitioner's Claims Fail under the *Strickland* Standard

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) counsel's performance was unreasonably deficient, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted). If the state

court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The United States Supreme Court has described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen v. Pinholster*, 563 U.S. at 190 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 112-113 (2009)). In *Cullen v. Pinholster*, the Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance . . . . through the 'deferential lens of § 2254(d).'" *Id.* (internal citations omitted). Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Id.* at *Cullen v. Pinholster*, 131 S.Ct. at 180-185. "A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104, (2011) (quoting *Strickland*, 466 U.S. at 689). "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Id.* (internal quotations and citations omitted).

The state court's factual findings, as found within the Nevada Supreme Court's decisions discussed above, are presumed correct. 28 U.S.C. § 2254(e)(1). As to each sub-claim within Ground 1, petitioner has failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced under *Strickland*. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's rulings were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the rulings were based on an unreasonable determination of the facts in light of the evidence presented in the

state court proceeding. The Court denies habeas relief as to all sub-claims within Ground 1.

### B.    Ground 2

Petitioner alleges that his appellate counsel was ineffective during the direct appeal, depriving him of his Sixth Amendment right to the effective assistance of counsel. (Dkt. no. 6 at 9-15.) The Nevada Supreme Court considered and rejected the claims asserted in Ground 2 of the federal petition, as summarized below.

#### 1.    Ground 2, Part A(1)-(4)

Petitioner asserts that appellate counsel was ineffective for failing to raise the issue that detective Reisselmann violated his constitutional rights by failing to preserve the stolen wire. The Nevada Supreme Court considered and rejected this claim, as follows:

> [A]ppellant claimed that appellate counsel was ineffective for failing to argue that a police detective allowed the wire to be disposed of, knowing that it had evidentiary value, in violation of his due process rights. Appellant failed to demonstrate that counsel was deficient or that he was prejudiced. Counsel argued extensively in the fast track statement that the State's failure to preserve the wire resulted in a due process violation. Appellant did not demonstrate any reasonable probability of a different outcome had counsel included additional argument. Therefore, the district court did not err in denying this claim.

(Exh. 33 at 5).

#### 2.    Ground 2, Part A(5)

Petitioner alleges that appellate counsel was ineffective for failing to raise the issue that the "fair market" value standard was met. The Nevada Supreme Court rejected this claim: "Appellant failed to demonstrate that he was prejudiced. As explained above, appellant failed to show any reasonable probability that the value of the wire was less than $250." (Exh. 33 at 5.)

#### 3.    Ground 2, Part A(6)

Petitioner claims that appellate counsel failed to respond to an erroneous statement in the State's appeal briefing regarding the street value of copper wire. The Nevada Supreme Court rejected this claim:

[A]ppellant claimed that appellate counsel was ineffective for failing to respond to the State's assertion in its fast track response that the fact that copper wire was often sold to recycling centers for $4.00 a pound showed that appellant possessed the wire for his own gain. Appellant failed to demonstrate that counsel was deficient or that he was prejudiced. Counsel had already argued in appellant's fast track statement that the State had provided insufficient evidence to sustain a conviction. The above statement was not impermissible argument by the State and counsel was not required to make futile objections or arguments. Donovan, 94 Nev. at 675, 584 P.2d at 711. Therefore, the district court did not err in denying the claim.

(Exh. 33 at 5-6.)

### 4. Ground 2, Part A(7)

Petitioner asserts that appellate counsel failed to address a state misrepresentation on direct appeal concerning a sustained objection at trial. The Nevada Supreme rejected this claim:

[A]ppellant claimed that appellate counsel was ineffective for failing to respond to a statement in the State's fast track response that appellant had told the police that a man named Tim had taken the wire from the location of Durell and Decatur. Appellant claimed that this statement was stricken from the record as hearsay, and was inappropriately relied upon by the State on appeal. Appellant failed to demonstrate that counsel was deficient or that he was prejudiced. Despite appellant's contentions, the district court did not strike this entire statement from the record — it only struck the part of the statement that referred specifically to the location of Durell and Decatur. The portion of the statement indicating that "Tim" had taken the wire was properly admitted. Given the other testimony in the record specifically referring to the Durell and Decatur location, appellant failed to demonstrate how the result of the appeal would have been different had counsel filed a reply highlighting this relatively minor error. Accordingly, the district court did not err in denying this claim.

(Exh. 33 at 6.)

### 5. Ground 2, Part A(8)

Petitioner claims that appellate counsel was ineffective for failing to argue on direct appeal that the trial court abused its discretion by denying his pretrial motion and pretrial habeas petition. The Nevada Supreme Court rejected this claim:

[A]ppellant claimed that appellate counsel was ineffective for failing to argue that the district court abused its discretion when it wrongly decided appellant's pretrial motion pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and his pretrial petition for a writ of habeas corpus. Appellant failed to demonstrate that counsel was deficient or that he was prejudiced. Contrary to appellant's claims, appellate counsel thoroughly briefed the Brady issue on direct appeal. Further, given this court's conclusion on

10

> appeal that appellant's conviction was supported by sufficient evidence, appellant failed to demonstrate any reasonable probability of a different result had counsel included an argument that the district court erred in denying appellant's pretrial petition for a writ of habeas corpus challenging the sufficiency of the evidence. Therefore, the district court did not err in denying this claim.

(Exh. 33 at 6-7.)

### 6.    Ground 2, Part B

Petitioner argues that appellate counsel "did not put any real thought or effort into the appeal" arguing that there was a lack of specific analysis. The Nevada Supreme Court rejected this claims as follows:

> [A]ppellant claimed that appellate counsel failed to provide specific analysis for his claim related to the sufficiency of the evidence. Appellant failed to demonstrate that counsel was deficient or that he was prejudiced. Notably, appellant failed to allege any specific facts or arguments that counsel should have added to its analysis of the sufficiency of the evidence. See Hargrove v. State, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).

(Exh. 33 at 7.)

### 7.    Ground 2, Part D

Petitioner alleges that appellate counsel was ineffective for failing to recognize that the sentencing judge failed to adjudicate him prior to sentencing. The Nevada Supreme Court rejected the claim, ruling there was neither deficiency nor prejudice because the judgment of conviction contained the appropriate adjudication. (Exh. 33 at 7.)

### 8.    Ground 2, Part (D)(2) & (3)

Petitioner claims that appellate counsel was ineffective for failing to raise the issue that the burglary tools were not provided to defense counsel until close to trial. Petitioner claims that appellate counsel was ineffective for failing to object to the use of a booking photo. The Nevada Supreme Court rejected both claims, as follows:

> [A]ppellant claimed that appellate counsel was ineffective for failing to argue that the physical burglary tools were not provided to the defense until the eve of trial, and that a booking photo admitted of appellant at trial was overly prejudicial. Appellant failed to demonstrate that counsel was deficient or that he was prejudiced. Appellant provided no specific facts

demonstrating how the actual physical burglary tools were necessary to his preparation for trial, or that the State had denied any requests by trial counsel to inspect the tools. Similarly, appellant failed to allege any specific facts demonstrating how the booking photograph of him was more prejudicial than probative. Counsel was not required to make futile or meritless arguments. Accordingly, the district court did not err in denying this claim.

(Exh. 33 at 7-8.) (internal citations omitted).

### 9. Petitioner's Ineffective Assistance of Appellate Counsel Claims Fail

The *Strickland* standard also applies to claims of ineffective appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Appellate counsel has no constitutional duty to raise every non-frivolous issue requested by the client. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). To state a claim of ineffective assistance of appellate counsel, a petitioner must demonstrate: (1) that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that the resulting prejudice was such that the omitted issue would have a reasonable probability of success on appeal. *Id.* "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues. *Id.* at 751-52. Petitioner must show that his counsel unreasonably failed to discover and file nonfrivolous issues. *Delgado v. Lewis*, 223 F.3d 976, 980 (9th Cir. 2000).  It is inappropriate to focus on what could have been done rather than focusing on the reasonableness of what counsel did. *Williams v. Woodford*, 384 F.3d 567. 616 (9th Cir. 2004) (citation omitted).

The state court's factual findings, as found within the Nevada Supreme Court's decisions discussed above, are presumed correct. 28 U.S.C. § 2254(e)(1). As to each sub-claim within Ground 2, petitioner has failed to demonstrate that his appellate counsel's performance was deficient in that it fell below an objective standard of reasonableness. Petitioner also failed to show prejudice. Specifically, petitioner failed to show that the issues he alleges were omitted from the direct appeal would have a reasonable probability of success. Petitioner has failed to meet his burden of proving

that the Nevada Supreme Court's rulings were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the rulings were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court denies habeas relief as to all sub-claims alleging the ineffective assistance of appellate counsel within Ground 2.

## C.    Ground 2, Part C

### 1.    Due Process Claim Regarding Adjudication as Habitual Criminal was Procedurally Defaulted in State Court

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). In Ground 2, Part C of the federal petition, petitioner asserts that the trial court violated his due process rights by adjudicating him as a habitual criminal. (Dkt. no. 6 at 14-15.) Petitioner raised this same issue for the first time in his post-conviction state habeas petition and appeal from the denial of the same. (Exh. 29 at 8H-8J; Exhs. 30-32). On appeal from the denial of petitioner's post-conviction state habeas petition, the Nevada Supreme Court found this claim, along with two others, to be procedurally defaulted. The Nevada Supreme Court cited NRS § 34.810(1)(b) and found:

> Appellant could have raised these claims on direct appeal and failed to do so. Therefore, appellant waived the right to raise these claims absent a demonstration of good cause and prejudice. NRS 34.810(1)(b). Appellant raised no facts to show either good cause or prejudice. Accordingly, the district court did not err in denying these claims.

(Exh. 33 at 8.) The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case — NRS § 34.810 — is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th

Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). Ground 2, Part C of the federal habeas petition was procedurally defaulted in state court on independent and adequate state law grounds.

To demonstrate cause to excuse a procedural default, the petitioner must "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

In this case, petitioner has not asserted any reason for his failure to properly raise the procedurally defaulted claim that the trial court violated his due process rights by adjudicating him as a habitual criminal. Ground 2, Part C of the federal petition was procedurally defaulted in state court, and petitioner has not demonstrated cause and prejudice to excuse the default.  As such, Ground 2, Part C of the federal habeas petition is subject to dismissal with prejudice on this basis.

### 2.    Claim Regarding Habitual Criminal Adjudication Lacks Merit

Even if the claim asserted in Ground 2, Part C were not procedurally barred, the claim lacks merit. Petitioner complains that the sentencing court did not make a "just and proper" sentencing determination. Nevada law does not require the sentencing court to "utter specific phrases" in making an adjudication of habitual criminality. *O'Neill v. State*, 123 Nev. 9, 16, 153 P.3d 38, 43 (2007). Rather, the "sole issue . . . is *whether the sentencing court actually exercised its discretion.*" *Id.* (emphasis added). In the instant case, the sentencing judge clearly expressed his intent to exercise discretion, stating:

> Well, over the last 30 years, you've been about as big a criminal as I've seen. I mean, you steal every single day of your life that you're out of custody. You need to be in prison forever. It's the only way society can be protected. Even though it's discretionary, nobody could be more habitual than you. The Court finds the Defendant to be habitual.

(Supp. Index at Exh. 3, Sentencing Transcript at 7.) On direct appeal, when petitioner argued that the district court abused its discretion by imposing a sentence that constitutes cruel and unusual punishment, the Nevada Supreme Court rejected that argument. (Exh. 26 at 3-4.) The Nevada Supreme Court ruled that the habitual criminal adjudication was appropriate as being within statutory parameters, not an abuse of discretion, and not unconstitutional. (*Id.* at 4.) This Court denies habeas relief as to petitioner's claim in Ground 2, Part C of the federal petition.

## IV.   CERTIFICATE OF APPEALABILITY

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's denial of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

///

///

///

///

**V.    CONCLUSION**

It is therefore ordered that the petition for a writ of habeas corpus is denied.

It is further ordered that petitioner is denied a certificate of appealability.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED THIS 22nd day of December 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE